**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| CURTIS LEE TROMERHAUSER, | ) | |
| Plaintiff, | ) | |
| vs. | ) | 3:11-cv-00108-RCJ-VPC |
| WELLS FARGO HOME MORTGAGE, INC. et al., | ) | **ORDER** |
| Defendants. | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy-type complaint listing eleven causes of action: (1) Injunctive Relief; (2) Declaratory Relief; (3) Debt Collection Violations under Chapter 649; (4) Deceptive Trade Practices under Chapter 598; (5) Unfair Lending Practices under Chapter 598D; (6) Breach of the Implied Covenant of Good Faith and Fair Dealing; (7) Violations of section 107.080; (8) Quiet Title; (9)–(10) Fraud; and (11) Unjust Enrichment. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Defendants have moved to dismiss, for judgment on the pleadings, and for release of the lis pendens. For the reasons given herein, the Court grants the motions in part and denies them in part.

**I.     THE PROPERTY**

Curtis Lee Tromerhauser gave lender Wells Fargo Home Mortgage, Inc. ("Wells Fargo") a promissory note for $142,378.75 to purchase property at 2900 E. 7th St., Silver Springs, NV 89429 (the "Property"). (Deed of Trust ("DOT") 1–2, June 13, 2003, ECF No. 18-1, at 6).

United Title of Nevada was the trustee, and MERS is not listed on the DOT. (*See id.* 1). First American Title Insurance Co. filed a notice of default ("NOD") as agent for National Default Servicing Corp. ("NDSC") based on a default of $7370.95 as of December 19, 2003. (*See* NOD, Dec. 22, 2003, ECF No. 18-1, at 17). First American rescinded that NOD. (*See* Notice of Rescission ("NOR"), Feb. 18, 2004, ECF No. 18-2, at 2). LSI Title Co. ("LSI") later filed a new NOD as agent for NDSC, as agent for EMC Mortgage Corp. ("EMC"), based on a default of $7994.77 as of August 26, 2009. (*See* Second NOD, Aug. 26, 2009, ECF No. 30-2). NDSC noticed a trustee's sale for November 5, 2010. (*See* Notice of Trustee's Sale ("NOS"), Oct. 4, 2010, ECF No. 18-2, at 14). The property is not eligible for the state foreclosure mediation program. (*See* FMP Certificate, Nov. 30, 2010, ECF No. 8-12).

The note has been transferred several times. Wells Fargo assigned the mortgage to CitiMortgage, Inc. (*See* Assignment, Jan. 29, 2004, ECF No. 18-2, at 5). CitiMortgage then assigned it back to Wells Fargo. (*See* Assignment, Mar. 19, 2004, ECF No. 18-2, at 8). Wells Fargo then assigned it to EMC, who apparently held it at the time the second NOD was filed. (*See* Assignment, Feb. 17, 2006, ECF No. 18-2, at 10). EMC then assigned it to CitiBank, N.A. (*See* Assignment, June 14, 2010, ECF No. 18-2, at 12).

**II.     ANALYSIS**

The foreclosure may have been statutorily improper. *See* Nev. Rev. Stat. § 107.080(2)(c). Although the assignments appear proper, the NOD filed in 2003 was rescinded in 2004, and although the NOD filed in 2009 by LSI as agent for NDSC purports to have been filed at the behest of then-beneficiary EMC, there is no separate evidence that EMC had ever substituted LSI or NDSC as trustee in place of the original trustee. The statutes of limitations on the affirmative claims have run, and those claims would fail on the merits for reasons given in substantively similar cases in any case, but the Court will not dismiss the claims for violation of section 107.080 and quiet title. Injunctive and declaratory relief will be dismissed as separate

1  claims but are available measures of relief under the surviving claims.

2  Finally, at oral argument, counsel for Plaintiff noted the recent *Pasillas* and *Leyva* cases
3  from the Nevada Supreme Court. These cases concerned sanctions under the state foreclosure
4  mediation program against banks who failed to send agents to mediation sessions with proper
5  documentation or authorization. They also stand for the broader proposition, which this court
6  has already applied, that a foreclosing entity must provide evidence of either traditional
7  negotiation or other valid transfer of the promissory note giving the foreclosing entity the right to
8  enforce it. Plaintiff alleges no defect in transfer of the note or deed of trust that has not been
9  accounted for here and does not appear to allege malfeasance in any mediation proceedings.

10  **CONCLUSION**

11  IT IS HEREBY ORDERED that the Motions to Dismiss (ECF Nos. 4, 17) and the
12  Motion for Judgment on the Pleadings (ECF No. 30) are GRANTED in part and DENIED in
13  part.

14  IT IS FURTHER ORDERED that the Motion for Release of Lis Pendens (ECF No. 31) is
15  DENIED.

16  IT IS SO ORDERED.
17  Dated this 25th day of July, 2011.

_____
ROBERT C. JONES
United States District Judge